UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-9803 FMO (AGRx) | Date | December 19, 2023 |
|---|---|---|---|
| Title | Pilar Andrade v. Marshalls of CA LLC, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):   Attorney Present for Defendant(s):
None Present                          None Present

**Proceedings:**   (In Chambers) Order Remanding Action

On October 18, 2023, Pilar Andrade ("plaintiff") filed a Complaint in the Los Angeles County Superior Court against Marshalls of CA LLC ("Marshalls") and Belise LNU[1] ("Belise") asserting claims for violations of the California Fair Employment and Housing Act ("FEHA"), Cal. Govt. Code §§ 12940, et seq., the California Family Rights Act ("CFRA"), Cal. Govt. Code §§ 12945.2, et. seq., and the California Labor Code § 1102.5. (Dkt. 1, Notice of Removal [ ] ("NOR") at ¶ 1); (Dkt. 1-2, Complaint). On November 17, 2023, Marshalls removed the action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332 and 1441. (Dkt. 1, NOR at ¶ 13). Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.[2] See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction.");

---

[1] Last name unknown.

[2] An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-9803 FMO (AGRx) | Date | December 19, 2023 |
|---|---|---|---|
| Title | Pilar Andrade v. Marshalls of CA LLC, et al. | | |

Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction "either by motion or sua sponte").

When federal subject matter jurisdiction is predicated on diversity of citizenship, see 28 U.S.C. § 1332(a), complete diversity must exist between the opposing parties, see Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"), and the amount in controversy must exceed $75,000.  See 28 U.S.C. § 1332(a).³  Here, there is no basis for diversity jurisdiction because complete diversity does not exist between the opposing parties.

Plaintiff appears to be a citizen of California, (see Dkt. 1, NOR at ¶¶ 14-16), whereas Marshalls is not a citizen of California.  (Id. at ¶¶ 18-31).  However, Belise appears to be a citizen of California.  (See Dkt. 1-2, Complaint at ¶ 3).  Marshalls asserts that Belise is a sham defendant, and therefore her citizenship should be ignored.  (See Dkt. 1, NOR at ¶ 32).

"In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined."  Grancare, LLC v. Thrower ex rel. Mills, 889 F.3d 543, 548 (9th Cir. 2018); see Allen v. Boeing Co., 784 F.3d 625, 634 (9th Cir. 2015) ("[J]oinder is fraudulent when a plaintiff's failure to state a cause of action against the [non-diverse] defendant is obvious according to the applicable state law.").  A defendant must show by "clear and convincing evidence" that the plaintiff does not have a colorable claim against the alleged sham defendant.  Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by clear and convincing evidence."); Mireles v. Wells Fargo Bank, N.A., 845 F.Supp.2d 1034, 1063 (C.D. Cal. 2012) ("Demonstrating fraudulent joinder" requires showing that "after all disputed questions of fact and all ambiguities . . . are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned.") (emphasis in original) (internal quotation marks omitted).  Indeed, "[a] defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against [finding] fraudulent joinder."  Grancare, 889 F.3d at 548 (internal quotation marks omitted).

Here, Marshalls alleges that Belise was fraudulently joined, (see Dkt.1, NOR at ¶ 32), but fails to show that "plaintiff could not possibly recover against" Belise.  See Mireles, 845 F.Supp.2d at 1063).  It is not enough to claim, as Marshalls does, (see Dkt. 1, NOR at ¶¶ 32-47), that plaintiff has failed to adequately state a claim against Belise.  (See id.).  In other words, even assuming

---

³ In relevant part, 28 U.S.C. § 1332(a) provides that a district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States" or "citizens of a State and citizens or subjects of a foreign state[.]"  28 U.S.C. §§ 1332(a)(1)-(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-9803 FMO (AGRx) | Date | December 19, 2023 |
|---|---|---|---|
| Title | Pilar Andrade v. Marshalls of CA LLC, et al. | | |

plaintiff's claims against Belise are deficiently pled, there exists the possibility that plaintiff could salvage her claims through amendment of the Complaint.  See, e.g., Chau-Barlow v. Provident Life & Accident Ins. Co., 2016 WL 5921061, *2 (C.D. Cal. 2016) ("In order for this Court to find that [certain defendants] are sham defendants, it would have to determine, in essence, that as a matter of law a state court would sustain a demurrer as to all causes of action without leave to amend."); Vasquez v. Bank of Am., N.A., 2015 WL 794545, *4 (C.D. Cal. 2015) (finding defendants had not met the "heavy burden of persuasion to show to a near certainty that joinder was fraudulent" because plaintiff could amend complaint to state at least one valid claim) (internal quotation marks omitted); Padilla v. AT & T Corp., 697 F.Supp.2d 1156, 1159 (C.D. Cal. 2009) ("Even if Plaintiff did not plead facts sufficient to state a claim against [an alleged sham defendant], Defendants have not established that Plaintiff could not amend her pleadings and ultimately recover against [that sham defendant] for harassment under the FEHA.").  Under the circumstances, Marshalls has failed to meet its "heavy burden" of showing by clear and convincing evidence that plaintiff does not have a colorable claim against Belise.  See Grancare, 889 F.3d at 548.

In short, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action, see Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."), the court is not persuaded, under the circumstances here, that Marshalls has met its heavy burden of establishing that Belise was fraudulently joined.  See Grancare, 889 F.3d at 548 ("A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against [finding] fraudulent joinder.") (internal quotation marks omitted); see also Hamilton Materials, Inc., 494 F.3d at 1206 ("Fraudulent joinder must be proven by clear and convincing evidence.").  Accordingly, there is no basis for diversity jurisdiction, and the court lacks subject matter jurisdiction over this matter.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED that:

1.  The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2.  The Clerk shall send a certified copy of this Order to the state court.

3.  Any pending motion is denied as moot.

| | Initials of Preparer | vdr |
|---|---|---|